IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MAXON, LLC,

    Plaintiff,

vs.

FUNAI CORPORATION, INC.,

    Defendant.

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Maxon, LLC brings this patent-infringement action against Funai Corporation, Inc. (hereinafter, "Funai").

**Parties**

1. Maxon is a Nevada corporation with its principal place of business in North Barrington, Illinois.

2. Funai is a New Jersey corporation with its principal place of business in Rutherford, New Jersey.

**Jurisdiction and Venue**

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may exercise personal jurisdiction over Funai. This is because Funai conducts continuous and systematic business in Illinois and this District. For example, Funai sells television sets to consumers in this District. This patent-infringement claim arises directly

from Funai's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over Funai would be consistent with the Illinois long-arm statute, 735 ILCS § 5/2-209, and traditional notions of fair play and substantial justice.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

**Count One: Infringement of U.S. Patent No. 8,989,160**

7. Maxon is the exclusive owner of U.S. Patent 8,989,160 (the "'160 patent"), which is attached as Exhibit A.

8. The '160 patent is valid and enforceable.

9. Funai has and is directly infringing some or all of the 18 claims of the '160 patent. For example, and to illustrate one of the apparatus claims that Funai infringes through sale of electronic equipment such as television sets, Funai infringes claim 8 as follows:

 a. The device of claim 8 includes "a computer-readable medium having storage for a first address corresponding to the audio-video device, a second address corresponding to the personal network, and a third address corresponding to a service provider network . . . ." (Ex. A ('160 patent), col. 14:34-39.) Funai sells television sets, including a Sanyo 50" Class 4k Ultra HDTV, FW50C85T (the "TV"). The TV includes software and hardware that store data representing three pieces of information: a device ID number specific to the TV (the "Device ID"), a user name and password corresponding to the TV owner's service account (the "Account ID"), and a credential that allows the TV to communicate with the service provider's servers and databases (the "Credential").

 b. The claim 8 device includes "input/output logic configured to receive from a

user a desired change to a service capable of being provisioned to the audio-video device from at least one service available generally to the personal network . . . ." (Ex. A ('160 patent), col. 14:40-43.) The TV includes software, firmware, and hardware that together allow the TV owner to activate and deactivate the service on the TV.[1] For example, if the owner of the TV wishes to deactivate the Netflix service with respect to the TV, she would use a personal computer and login to her Netflix account at www.netflix.com. There, she would enter her Account ID to be authenticated by Netflix. Once authenticated, the TV Owner would navigate to a hyperlink that reads, "Manage Netflix ready devices and computers." After clicking on the link, a list would appear displaying all of the TV owner's Netflix-ready devices and corresponding device IDs, including the TV and the Device ID. The list also includes a hyperlink stating, "Deactivate."

c. The device of claim 8 includes a processor, "the processor programmed to prepare an inbound signaling word comprising at least the first address and payload data representing the desired change to the service capable of being provisioned to the audio-video device from the personal network . . . ." (Ex. A ('160 patent), col. 14:44-50.) When the TV owner clicks on the "Deactivate" link, the Netflix servers send data to the TV that includes the owner's Account ID and a request that the owner's Netflix service be deactivated on the TV.

d. The claim 8 device also has a transceiver, "the transceiver further receiving an

---

[1] The apparatus of claim 8 is capable of sharing many services, such as Netflix, Hulu, VUDU, Amazon Prime, Apple TV, UltraViolet, and Pandora. This list of services is for illustration only and does not limit the breadth of Maxon's infringement allegation.

outbound signaling word comprising the first address corresponding to the audio-video device and data indicating the desired change to the personal network, the outbound signaling word responsive to the desired change to the service capable of being provisioned to the audio-video device from the personal network." (Ex. A ('160 patent), col. 14:57-64.) The TV receives the Account ID and the deactivation request via a connection established with the Credential. Once the deactivation is processed, the TV sends via the established connection the Account ID and indication that the deactivation request has been executed.

**Count Two: Infringement of U.S. Patent No. 7,489,671**

10. Maxon is the exclusive owner of U.S. Patent 7,489,671 (the "'671 patent"), which is attached as Exhibit B.

11. The '671 patent is valid and enforceable.

12. Funai has and is directly infringing some or all of the 20 claims of the '671 patent. For example, and to illustrate one of the apparatus claims that Funai infringes through sale of electronic equipment such as television sets, Funai infringes claim 6 as follows:

    a. Claim 6 is a communications device that has "a first computer-readable medium having stored thereon a first unique identifier that uniquely identifies the communications device within the communications network identified by the network number . . . ." (Ex. B ('671 patent) col. 14:1-4.) Funai sells television sets, including a Sanyo 50" Class 4k Ultra HDTV, FW50C85T (the "TV"). The TV includes software and hardware that store data representing a device ID number specific to the TV (the "Device ID") and a user name and

password corresponding to the TV owner's service account (the "Account ID").

b. The claim 6 device includes "a management logic that manages a database containing routing information for an incoming communication directed at the communications network via the network number to be routed to a particular communications device within the communications network based on communications service content of the incoming communication, where the routing information relates the communications device to one or more communication services available to the communications network from a communications services provider by associating the first unique identifier that uniquely identifies the communications device to one or more communications services . . . ." (Ex. B ('671 patent), col. 14:7-19.) The TV includes software, firmware, and hardware that together allow the TV owner to activate and deactivate the service on the TV.[2] For example, if the owner of the TV wishes to activate the Netflix service with respect to the TV, he would power on the TV and select the Netflix application running on the TV. The owner would navigate within the Netflix app running on the TV and select, "Yes, activate instant streaming from Netflix." By making this selection, the TV owner is issued a unique activation code. The owner would then use his personal computer and login to his Netflix account at www.netflix.com. There, he would enter his Account ID to be authenticated by Netflix. Once

---

[2] The apparatus of claim 6 is capable of sharing many services, such as Netflix, Hulu, VUDU, Amazon Prime, Apple TV, UltraViolet, and Pandora. This list of services is for illustration only and does not limit the breadth of Maxon's infringement allegation.

authenticated, the TV owner would navigate to a webpage that allows him to enter the activation code and select "Activate."

c. The device of claim 6 includes "a processor that controls the management logic to update the database to reflect the addition of the communications device to the communications network, to disassociate in the database the one or more communications services from a second communications device if the one or more communications services are determined to be connected in the database to the second communications device, and to connect in the database the one or more communications services to the communications device by relating in the database the unique identifier that uniquely identifies the communications device and the data representing the one or more communications services." (Ex. B ('671 patent), col. 14:20-32.) The TV includes a processer that controls an update to a database reflecting both the activation of the Netflix service on the TV and the activation or deactivation of the Netflix service on at least one of the owner's other communications devices—like for example his lap top computer.

**Count Three: Infringement of U.S. Patent No. 7,486,649**

13. Maxon is the exclusive owner of U.S. Patent 7,486,649 (the "'649 patent"), which is attached as Exhibit C.

14. The '649 patent is valid and enforceable.

15. Funai has and is directly infringing some or all of the 36 claims of the '649 patent. For example, and to illustrate one of the apparatus claims that Funai infringes through sale of electronic equipment such as television sets, Funai infringes claim 6 as follows:

a. Claim 6 is a communications device that has "a first computer-readable medium having stored thereon a first unique identifier that uniquely identifies the communications device within the personal network identified by the personal network number . . . ." (Ex. C ('649 patent) col. 14:19-27.) Funai sells television sets, including a Sanyo 50" Class 4k Ultra HDTV, FW50C85T (the "TV"). The TV includes software and hardware that store data representing a device ID number specific to the TV (the "Device ID") and a user name and password corresponding to the TV owner's service account (the "Account ID").

b. The claim 6 device includes "a management logic that manages a database containing routing information for an incoming communication directed at the personal network via the personal network number to be routed to a particular communications device within the personal network based on communications service content of the incoming communication, where the routing information relates the communications device to one or more communication services available to the personal network from a communications services provider by associating the first unique identifier that uniquely identifies the communications device to one or more communications services . .. ." (Ex. C ('649 patent), col. 14:28-41.) The TV includes software, firmware, and hardware that together allow the TV owner to activate and deactivate the service on the TV.[3] For example, if the owner of

---

[3] The apparatus of claim 6 is capable of sharing many services, such as Netflix, Hulu, VUDU, Amazon Prime, Apple TV, UltraViolet, and Pandora. This list of services is for illustration only and does not limit the breadth of Maxon's infringement allegation.

      the TV wishes to activate the Netflix service with respect to the TV, he would power on the TV and select the Netflix application running on the TV. The owner would navigate within the Netflix app running on the TV and select, "Yes, activate instant streaming from Netflix." By making this selection, the TV owner is issued a unique activation code. The owner would then use his personal computer and login to his Netflix account at www.netflix.com. There, he would enter his Account ID to be authenticated by Netflix. Once authenticated, the owner would navigate to a webpage that allows him to enter the activation code and select "Activate."

c. The device of claim 6 includes "a processor that controls the management logic to remove the communications device from the personal network including modifying the database to unrelate the one ore more communications services available to the personal network from the communications device and relate the one or more communications services available to the personal network to the second communications device by changing the database to disassociate the first unique identifier that uniquely identifies the communications device and the one or more communications services available to the personal network and associate the second unique identifier that uniquely identifies the second communications device with the one or more communications services available to the personal network." (Ex. C ('649 patent), col. 14:42-55.) The TV includes a processer that controls an update to a database reflecting both the activation and deactivation of the Netflix service on the TV, as well as the activation or deactivation of the

Netflix service on at least one of the Owner's other communications devices—like for example his tablet computer.

**Count Four: Infringement of U.S. Patent No. 7,171,194**

16. Maxon is the exclusive owner of U.S. Patent 7,171,194 (the "'194 patent"), which is attached as Exhibit D.

17. The '194 patent is valid and enforceable.

18. Funai has and is directly infringing some or all of the 12 claims of the '194 patent. For example, and to illustrate one of the apparatus claims that Funai infringes through sale of electronic equipment such as television sets, Funai infringes claim 8 as follows:

   a. Claim 8 is a device with "a user interface configured to enable a user to select a service available to but not associated with the device . . . ." (Ex. D ('194 patent) col. 14:42-44.) Funai sells television sets, including a Sanyo 50" Class 4k Ultra HDTV, FW50C85T (the "TV"). The TV includes a graphical user interface and hardware, software, and firmware that allow the TV to run applications such as Netflix.[4]

   b. The claim 8 device includes "logic in communication with the user interface configured to format a signaling word responsive to the user's selection, wherein the signaling word comprises a unique identifier that uniquely identifies the device among others sharing the common network address, and payload data configured to associate the service to the device via the unique identifier." (Ex. D ('194 patent), col. 14:45-51.) The TV includes software,

---

[4] The apparatus of claim 8 is capable of sharing many services, such as Netflix, Hulu, VUDU, Amazon Prime, Apple TV, UltraViolet, and Pandora. This list of services is for illustration only and does not limit the breadth of Maxon's infringement allegation.

firmware, and hardware that together allow the TV owner to activate the Netflix service on the TV. The TV also includes software, firmware, and hardware that store data representing a device ID number specific to the TV (the "Device ID") and a user name and password corresponding to the TV owner's Netflix account (the "Account ID"). For example, if the owner of the TV wishes to activate the Netflix service with respect to the TV, she would power on the TV and select the Netflix application running on the TV. The owner would navigate within the Netflix app running on the TV and select, "Yes, activate instant streaming from Netflix." By making this selection, the TV owner is issued a unique activation code. The owner would then use her personal computer and login to her Netflix account at www.netflix.com. There, she would enter her Account ID to be authenticated by Netflix. Once authenticated, the owner would navigate to a webpage that allows her to enter the activation code and select "Activate." The owner could also navigate to a hyperlink that reads, "Manage Netflix ready devices and computers." After clicking on the link, a list would appear displaying all of the TV owner's Netflix-ready devices and corresponding device IDs, including the TV and the Device ID.

## Prayer for Relief

WHEREFORE, Maxon prays for the following relief against Funai:

(a)     Judgment that Funai has directly infringed claims of the '160 patent, the '671 patent, the '649 patent, and the '194 patent;

(b)     For a reasonable royalty;

(c) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d) For such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Maxon demands a trial by jury on all matters and issues triable by jury.

Date: July 29, 2016

/s/ Matthew M. Wawrzyn
Matthew M. Wawrzyn (#6276135)
*matt@wawrzynlaw.com*
Stephen C. Jarvis (#6309321)
*stephen@wawrzynlaw.com*
WAWRZYN & JARVIS LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
(312) 283-8010

*Counsel for Maxon, LLC*